UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Naushad Mohammed,
                          Plaintiff,

                  v.

Great Atlantic & Pacific Tea
Company, Inc.,
                          Defendant.

13 Civ. 2248

**OPINION**

Plaintiff Naushad Mohammed brings this employment discrimination action against defendant Great Atlantic & Pacific Tea Company, Inc. ("A&P") ("defendant"), a national supermarket chain.  Plaintiff's federal and state law claims derive from the termination of his employment in 2011.  Plaintiff seeks damages, fees, and costs, as well as reinstatement in his former position as store manager.

Defendant moves pursuant to Rule 12(b)(6) to dismiss the complaint on the ground that plaintiff's claims were discharged in bankruptcy.  The motion is granted.

### Background

The following facts are undisputed unless otherwise noted.

Plaintiff was employed by defendant in 1994, 1997, and from 2000 through September 5, 2011.  Plaintiff began his employment as a part-time

shift supervisor and eventually worked his way up to general store manager.

In his complaint, Plaintiff contends that he was a model employee and that his

grocery store outperformed other company stores in the same district.  Plaintiff

alleges that due to his Muslim faith, he suffered discrimination, harassment,

and verbal abuse from the district manager and the vice president of

operations.  On September 5, 2011, plaintiff alleges that following a campaign

of harassment, verbal abuse, unwarranted and unjustified scrutiny,

discriminatory treatment and criticism, he was wrongfully terminated from his

employment.

Plaintiff was issued a right to sue letter by the Equal Employment

Opportunity Commission (EEOC) on January 12, 2013.

### A&P's Bankruptcy

Defendant filed for Chapter 11 Bankruptcy protection on December 12,

2010 in the United States Bankruptcy Court for the Southern District of New

York.  See In Re the Great Atlantic & Pacific Tea Company, Inc., et al., No. 10-

2459 (RDD), 2010 WL 5141226 (S.D.N.Y. Dec. 13, 2010).  On December 19,

2011, defendant filed a Joint Plan of Reorganization pursuant to Chapter 11 of

the Bankruptcy Code, distributed solicitation materials to holders of claims

entitled to vote on the original plan, and published notice of a confirmation

hearing.

On February 28, 2012, the Bankruptcy Court issued an order (the

"Confirmation Order") confirming defendant's amended reorganization plan (the

"plan").  The Confirmation Order provided for the discharge and release of all

claims against defendant:

> Pursuant to Article VII.A of the Plan and section 1141(d) of the Bankruptcy Code, except as otherwise provided in the plan and effective as of the Effective Date: (a) the rights afforded in the plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all claims and interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtors or any of their assets, property, or Estates; (b) the Plan shall bind all holders of Claims and Interests, notwithstanding whether any such holders were entitled to vote, failed to vote on the Plan, voted to accept the Plan, voted to reject the Plan or were deemed to have accepted or rejected the Plan; (c) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtors, the Debtors' Estates, the Reorganized Debtors, their successors and assigns, and their assets and properties any other Claims or Instruments based upon any documents, instruments, or any act or omission, transactions, or other activity of any kind or nature that occurred prior to the Effective Date.

Affidavit of Samantha Beltre in Support of Defendant's Motion to Dismiss,

Exhibit A, Confirmation Order, Page 59.

On March 14, 2012, employees of Kurtzman Carson Consultants, LLC,

served notice of "Entry of Confirmation Order and Occurrence of Effective Date

of the Debtors' Frist Amended Joint Plan of Reorganization" ("Notice of the

Effective Date").  The Notice of the Effective Date informed those who received it

that all requests for payments of a claim that accrued on or before the effective

date of March 13, 2012 needed to be filed with the bankruptcy court and

served on the debtors by April 12, 2012.  Plaintiff never filed a request for

payment of an administrative claim with the bankruptcy court.

The parties dispute whether plaintiff received Notice of the Effective Date. Plaintiff denies receipt. Defendant has included an affidavit detailing plaintiff's receipt of the notice via first-class mail. See Affidavit of Samantha Beltre in Support of Defendant's Motion to Dismiss, Ex. D, page 3.

### *Procedural Posture*

Plaintiff filed his complaint against defendant on April 4, 2013. In his complaint, plaintiff alleges that he was discriminated against and harassed based on his religion, race, color, age, and/or national origin and asserts causes of actions pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff also asserts a claim for breach of contract based on an alleged breach of an implied contract that defendant would not discriminate against plaintiff during his employment.

Defendant filed the instant motion to dismiss on November 6, 2013. Defendant does not contest the substance of plaintiff's employment discrimination claims. Instead, defendant argues that plaintiff's claims were discharged in the bankruptcy proceedings.

Plaintiff alleges that his claims survived discharge because (1) plaintiff was not served with the Notice of the Effective Date, (2) plaintiff received a right to sue letter from the EEOC on January 12, 2013 which gave him 90 days to bring suit regardless of the date of the Confirmation Order, and (3) plaintiff's

claims must survive discharge because they are based upon defendant's malicious and willful conduct.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is not "plausible" for Rule 12(b)(6) purposes where alleged facts are "merely consistent" with a defendant's liability or do not "permit the court to infer more than the mere possibility of misconduct." Aschrfot v. Iqbal, 556 U.S. at 662. A motion under Rule 12(b)(6) should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985).

### *Effect of Bankruptcy Proceeding*

Under Section 1141 of the Bankruptcy Code, a bankruptcy court's confirmation of a reorganization plan discharges the debtor from any debt that arose before the date of the confirmation, regardless of whether proof of the debt is filed, the claim is disallowed, or the plan is accepted by the holder of the claim. 11 U.S.C. § 1141(d)(1)(A); see also, Cost v. Super Media, 482 B.R. 857, 861 (S.D.N.Y. 2012). A "debt" is defined to mean "liability on a claim," and a "claim" is defined to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, legal, equitable, secured, or unsecured." 11 U.S.C. § §
1010(5)A,(12); see also, Id.; Gilbert v. North American Airlines, No. 12 cv
523(KAM), 2014 WL 1271057, at *6 (E.D.N.Y. Mar. 26, 2014). "Employment
discrimination claims that arise before the effective date of the confirmation of
a reorganization plan under §1141 are discharged by the effectuation of the
plan." Cost, 482 B.R. at 861.

In the case at bar, the Confirmation Order discharged and released
defendant from all debts and claims that existed before March 13, 2012, the
Effective Date of the Plan. The applicability of the Confirmation Order to
plaintiff's claims depends on whether plaintiff's claims arose prior to the
Effective Date of the Plan. "A claim arises, for the purposes of discharge in
bankruptcy cases, at the time of the events giving rise to the claim, not at the
time plaintiff is first able to file suit on the claim." Cost, 482 B.R. at 862. In
order to determine whether a claim arises before or after the date of the
Bankruptcy Plan's confirmation, courts must look to the relevant non-
bankruptcy law that serves as the basis for the claim. Id. In this case,
employment law provides that in employment discrimination cases, courts find
that a claim arises on the date that the employee learns of the employer's
discriminatory conduct. Id.; see also, Flaherty v. Metromail Corporation, 235
F.3d 133, 137 (2d Cir. 2000).

Given that plaintiff admits that he was terminated from his employment
on September 5, 2011, and bases his claims solely on discrimination that

6

occurred during his employment, he has set forth claims that necessarily arose

prior to the Effective Date, March 13, 2012.  See Cost, 492 B.R. at 862.

Accordingly, the court finds that the Confirmation Order discharged defendant

from all of plaintiff's claims. [1]

However, plaintiff raises three arguments in his complaint as to why his

complaint survives discharge in defendant's bankruptcy proceedings: (1)

plaintiff was not served with the Notice of the Effective Date, (2) plaintiff

received a right to sue letter from the EEOC on January 12, 2013 which gave

him 90 days to bring suit regardless of the date of the Confirmation Order, and

(3) plaintiff's claims must survive discharge because they are based upon

defendant's malicious and willful conduct.  The court addresses each argument

below.

***Plaintiff's Receipt of the Notice of Effective Date***

A rebuttable presumption that an addressee received a mailed notice

arises when the mailing party submits sufficient evidence to demonstrate that

the notice was properly addressed and mailed.  See Meckel v. Continental

Resources Co., 758 F.2d 811, 817 (2d Cir. 1985).  "Evidence of actual mailing,

in the form of an affidavit submitted by an individual who supervised the

---

[1] Plaintiff has asserted claims based on federal, state, and city law.  As all of
the claims are based on the same action (defendant's termination of plaintiff's
employment) and arose prior to the Confirmation Order, the court finds that all
of the claims were discharged in the bankruptcy proceeding.  See Cost, 482
B.R. at 862,

mailing is sufficient to allow the presumption to arise." <u>In Re Worldcom, Inc.,</u> <u>et al.</u>, No.02-13533(AJG), 2005 WL 3875192, at *3 (Oct. 27, 2005 S.D.N.Y.).

In support of its motion to dismiss the complaint, defendant has submitted documentary evidence demonstrating that it mailed Notice of the Effective Date to plaintiff.[2]  Defendant included the affidavit of Melissa Loomis, an employee of Kurtzman Carson Consultants LLC, the claims and noticing agent for defendant debtors.  Loomis details that under her direction and supervision, Kurtzman employees served plaintiff with the Notice of the Effective Date via first class mail.  <u>See</u> Affidavit of Samantha Beltre in Support of Defendant's Motion to Dismiss, Ex. D (Affidavit of Melissa Loomis), page 3. Accordingly, defendant has established a rebuttable presumption that plaintiff received the mailing in question.  <u>See</u> <u>Id</u>.

In order to rebut this presumption, plaintiff must include additional evidence in his complaint, or attached to his complaint, that goes beyond a mere denial of receipt.  <u>See</u> <u>Id</u>. (referencing <u>Meckel</u>, 758 F.2d at 817).  Plaintiff has failed to submit any additional evidence apart from his bare-bones denial in his complaint that he received the Notice of the Effective Date.

---

[2] The court takes judicial notice of the documentary evidence, because there is no harm to plaintiff in considering these affidavits as plaintiff has reviewed the evidence and amended his complaint accordingly.  <u>See</u> <u>Chambers v. Time</u> <u>Warner, Inc.</u>, 282 F.3d 147, 153 (2d. Cir. 2002).

Accordingly, the court finds that plaintiff received Notice of the Effective Date.

### *EEOC Letter*

The court finds that plaintiff's argument that the EEOC right-to-sue letter provided him with 90 days to file suit, regardless of the Effective Date of the Confirmation Order, lacks merit.  See Cost, 482 B.R. at 862.  "[W]hether § 1141(d) discharges an employment discrimination claim hinges on when the alleged misconduct occurred, not when the EEOC issued the right-to sue letter."  Id.; See also, Carter v. Safety-Klenn Corporation, No. 06 Civ. 12947 (CM), 2007 WL 1180581, at *4 (S.D.N.Y. Mar. 14, 2007).  The alleged discrimination took place took place during the period of 2000 to 2011, which was before the Effective Date of the Confirmation Order (March 13, 2012).  "The EEOC right-to-sue letter could not resuscitate [plaintiff's federal and state law employment discrimination claims] that had already been discharged by the Bankruptcy Court."  Cost, 482 B.R. at 862.

### *Willful and Malicious Conduct*

Plaintiff's final argument is that his employment discrimination claims must survive discharge because defendant engaged in willful and malicious conduct that resulted in injury to plaintiff.  Plaintiff's argument is based upon the following provision of the bankruptcy code: "A discharge under section…1141…of this title does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the

property of another entity…" 11 U.S.C. § 523(a)(6).  However, "[i]n this circuit, it is well settled that § 523 does not apply to corporate debtors." In re Automatic Bridgeport, Inc., 202 B.R. 540, 542 (D. Conn. 1996); see also, In re MF Global Holdings Ltd., et al., No. 11-15059 (MG), 2012 WL 734175, at *3 (March 6, 2012 S.D.N.Y.).  Rather, § 523 only applies to individual debtors. Id.

In this case, defendant is a corporate debtor and thus, the court finds that even if defendant's actions resulted in willful and malicious injury, they would not survive discharge in the bankruptcy proceedings.

## Conclusion

The court grants defendant's motion to dismiss in its entirety. This opinion resolves the motions listed as item numbers 12 and 19 on the docket.

SO ORDERED.

Dated:  New York, New York
       August 15, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/14